UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TROY JENNINGS,

                      Petitioner,            **REPORT AND RECOMMENDATION**

    - against -

                                                          09-CV-5681 (JBW) (JO)

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       In a petition filed on October 22, 2009, Troy Jennings ("Jennings"), proceeding *pro se*, seeks relief pursuant to subsections (4) and (6) of Federal Rule of Civil Procedure 60(b). Docket Entry ("DE") 1 (Petition). On the basis of a variety of arguments challenging the substantive and procedural soundness of his sentencing and of the denial of his prior requests for post-verdict relief, Jennings seeks five specific remedies: (1) a statement from the court explaining certain past proceedings; (2) the expungement of a portion of his record relating to mental health treatment; (3) relief from a provision of his sentence requiring the payment of restitution; (4) relief from a provision of his sentence requiring Jennings to reimburse certain costs; and (5) a retrospective downward adjustment of the offense level calculation for purposes of the sentencing guidelines. Petition at 21. At the same time that he filed the Petition, Jennings also filed certain related requests for relief: a motion for the appointment of counsel, DE 3; a "motion to have judgment of commitment modified due to clerical error," DE 4 (capitalization removed), which essentially reiterates the Petition; and a motion seeking the disclosure of a certain document, DE 5.

On January 7, 2010, the Honorable Jack B. Weinstein, United States District Judge, citing "the repetitive nature of petitioner's applications," referred the matter to me for a recommendation as to "whether the petition should now be dismissed as frivolous." DE 6. I interpret the latter referral as having a more limited scope than the typical referral of a substantive motion. Specifically, given the history of Jennings' litigation in this court and the wording of the referral, I understand my mandate to be to make a threshold determination as to whether there is sufficient merit in any of the Petition's arguments to warrant further scrutiny after giving the government an opportunity to respond, or instead whether the Petition should be summarily dismissed. Regardless of how I answer that question, I do not understand the court to be seeking a detailed description of either Jennings's argument or my analysis.

Having carefully reviewed all of Jennings's current submissions and considered them against the procedural history of this litigation,[1] I conclude that the Petition is patently frivolous. I therefore respectfully recommend that the court deny all of the petitioner's pending motions and dismiss as frivolous his petition for relief.

---

[1] Jennings, together with a confederate, was convicted in this court of several offenses relating to a string of robberies at several post offices and a laundromat. His conviction was affirmed on appeal. *United States v. Angelo*, 87 Fed. Appx. 205 (2d Cir. 2004). He then sought collateral relief pursuant to 28 U.S.C. § 2255. This court denied his petition. *Jennings v. United States*, 2005 WL 5748482 (E.D.N.Y. Jan. 13, 2005). Several years later, Jennings purported to file supplemental pleadings pursuant to Fed. R. Civ. P. 15(c). This court deemed some of the matters Jennings raised in his papers to constitute a petition challenging conditions of confinement pursuant to 28 U.S.C. 2241, and transferred that portion of his claim to the United States District Court for the Middle District of Pennsylvania, where Jennings was incarcerated. The court transferred other portions of Jennings's new action – challenging the guidelines calculation on which he was sentenced – to the United States Court of Appeals for the Second Circuit as a second and successive petition under Section 2255. This court retained for decision, and granted relief upon, the remaining claim in which Jennings disputed a portion of the Pre-Sentence Investigation Report. *See Jennings v. United States*, 2009 WL 1230317 (E.D.N.Y. Apr. 29, 2009). I assume the reader's familiarity will all of the cited decisions.

IV. <u>Objections</u>

I direct counsel for the respondent to provide a copy of this Report and Recommendation to the petitioner by certified mail and to file proof of service no later than January 22, 2010. Any objections to this Report and Recommendation must be filed no later than February 5, 2010. Failure to file objections within this period waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d. Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
January 19, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge